IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| FCCI INSURANCE COMPANY § | |
| § | |
| *Plaintiff*, § | |
| § | |
| vs. § | |
| § CIVIL ACTION NO.: **1:23-cv-01433** | |
| EASY MIX CONCRETE SERVICES, LLC § | |
| § | |
| *Defendant*. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

TO THE HONORABLE COURT:

COMES NOW Plaintiff FCCI INSURANCE COMPANY ("FCCI"), and make this its Complaint for Declaratory Judgment pursuant to Federal Rule of Civil Procedure 57 and 28 USC §§ 2201 and 2202 against Defendant EASY MIX CONCRETE SERVICES, LLC ("Easy Mix") and shows the following:

### I. PARTIES AND JURISDICTION

1. Plaintiff FCCI is incorporated and has its principal place of business in Florida, and is therefore a citizen of Florida.

2. Defendant Easy Mix is a limited liability company organized and existing under the laws of Texas, with its principal place of business in Austin, Texas. Easy Mix's members are Texas residents, and thus Easy Mix is a citizen of Texas. Defendant Easy Mix may be served with summons and complaint by serving its registered agent for service of process, InCorp Services, Inc., at its registered address of 815 Brazos St., Suite 500, Austin, Texas 78701 or wherever it may be found.

3. As plaintiff is a citizen of Florida, and not Texas, and defendant is a citizen of Texas, and not Florida, there is complete diversity of citizenship between parties.

4. Defendant has been sued for alleged damages to pools arising from defective "shot-crete" or installation, purportedly involving alkali-silica reaction ("ASR"), or alkali-aggregate reaction ("AAR") which includes ASR, in a multitude of cases pending in Burnet, Gillespie, Hays, Travis and Williamson Counties, Texas, as well as the United States District Court for the Western District of Texas, Austin Division (the "ASR Litigation"). Much of the ASR Litigation has been consolidated under the Multidistrict Litigation, Supreme Court of Texas Docket No. 23-0212; *In re Easy Mix Construction Defect Litigation* (the "MDL"). Pursuant to the MDL, specified cases as well as any "tag-along cases," including ASR Litigation filed in Travis County, Texas, have been transferred to the MDL. Pursuant to the MDL Order of August 07, 2023, Judge Jan Soifer has been appointed as the MDL Pretrial Judge and the 345th Judicial District Court of Travis County, Texas has been appointed as the MDL Pretrial Court ("MDL Pretrial").

5. FCCI brings this action to determine its rights and obligations in certain underlying lawsuits which are representative of the lawsuits and claims against Easy Mix, and to obtain guidance as to other claims. The underlying lawsuits which are the subject of this action are:

- Cause No. D-1-GN-22-002334; *J. Matthew House and Lindsey House v. Quality Custom Pools, Inc. v. Easy Mix Concrete Services, LLC;* In the 250th Judicial District Court of Travis County, Texas, *as transferred to the MDL* (the "House Suit") (The Original Petition is attached as Ex. C-1 and the Third Party Petition is attached as Ex. C-2);

- Cause No. D-1-GN-23-001151; *The Bradley and Nicole Holden Trust as Restated on March 20, 2018 v. KB Custom Pools, LLC and Easy Mix Concrete Services, LLC;* In the 419th Judicial District Court of Travis County, Texas, *as transferred to the MDL* (the "Holden Suit") (The Original Petition is attached as Ex. C-3)*;*

- Cause No. D-1-GN-23-002047; *The Cincinnati Specialty Underwriters Insurance Company as Subrogee of Stag Pools, LLC and Stag Pools, LLC v. Easy Mix Concrete Services, LLC;* In the 98th Judicial District Court of Travis County, Texas, *as transferred to the MDL* (the "Subro Suit") (The Original Petition is attached as Ex. C-4);

- Cause No. D-1-GN-23-003009; *Preston and Jodi Gregg v. Millennium Pools, Inc. and Easy Mix Concrete Services, LLC;* In the 455th Judicial District Court of Travis County, Texas, *as transferred to the MDL* (the "Gregg Suit") (The Original Petition is attached as Ex. C-5);

- Cause No. D-1-GN-23-003349; *Aaron Shumaker v. KB Custom Pools, LLC and Easy Mix Concrete Services, LLC*; In the 345th Judicial District Court of Travis County, Texas, as transferred to the MDL (the "Shumaker Suit") (The Original Petition is attached as Ex. C-6); and

- Cause No. D-1-GN-23-004507; *Julio Quintana v. Precision Watershapes, Inc. dba California Pools of Texas, et al.;* In the 126th Judicial District Court of Travis County, Texas, *as transferred to the MDL* (the "Quintana Suit") (The Original Petition is attached as Ex. C-7).

(Collectively, "Underlying Lawsuits").

6. The Underlying Lawsuits are a representative sample of plaintiffs, plaintiffs' counsel and law firms, general contractors, and pleadings asserted against Easy Mix in the MDL and/or ASR Litigation.

7. The amount in controversy for each case within the Underlying Lawsuits exceeds $75,000.00.

8. This Court has subject matter jurisdiction under 28 U.S.C. §1332.

## II. VENUE

9. Venue is proper in this Court under 28 U.S.C. §1391(b)(1) because the defendant resides in this judicial district and/or 28 U.S.C. §1391(b)(2) as a substantial part of the events giving rise to the claims against FCCI, the ASR Litigation, and the MDL Pretrial against defendant, is pending in this judicial district.

10. FCCI issued its Policy Number CPP100049085-00 to the named insured, Easy Mix, for the two-month policy period of June 27, 2019 to August 27, 2019 (the "Primary Policy"). The Primary Policy provides commercial general liability coverage policy limits of $1 Million per occurrence and $2 Million in the aggregate with a $1,000 per occurrence property damage

deductible. A copy of the Primary Policy, with premium redacted, is attached hereto as Exhibit "A."

11. FCCI issued its Policy Number UMB100049086-00 to the named insured, Easy Mix, for the two-month policy period of June 27, 2019 to August 27, 2019 (the "Umbrella Policy"). The Umbrella Policy provides $1 Million aggregate umbrella coverage over and above the Primary Policy and subject to a $10,000 self-insured retention. A copy of the Umbrella Policy, with premium redacted, is attached hereto as Exhibit "B."

### III. POLICIES

12. Plaintiff incorporates and realleges the preceding paragraphs 1-15 as though fully set out here.

    **A.**    **The Primary Policy**

13. The Primary Policy's insuring clause provides, in pertinent part:

> 1. Insuring Agreement
>    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. . . . However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. . . .
>
>                       \* \* \*
>
>    b. This insurance applies to "bodily injury" and "property damage" only if:
>       (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
>       (2) The "bodily injury" or "property damage" occurs during the policy period; and
>       (3) Prior to the policy period, no insured listed under Paragraph 1. Of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or

    "property damage" during or after the policy period will be deemed to have been known prior to the policy period.
* * *

  d. "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section II - Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:
   (1) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;
   (2) Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or
   (3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

14. The Primary Policy also includes an applicable exclusion, including a Silica Exclusion that provides:

Silica or Silica-Related Dust Exclusion:

A. The following exclusion is added to Paragraph 2., **Exclusions** of **Section I – Coverage A -Bodily Injury and Property Damage Liability:**
 **2. Exclusions**
 This insurance does not apply to:
 **Silica or Silica-Related Dust**
* * *
 b. "Property damage" arising, in whole or in part, out of the actual, alleged, threatened, or suspected contact with, exposure to, existence of, or presence of "silica" or "silica-related dust";
 c. Any loss, cost or expense arising, in whole or in part, out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating, disposing of, or in any way responding to assessing the effects of, "silica" or "silica-related dust", by any insured or by any other person or entity.
* * *
C. The following definitions are added to the **Definitions** Section:
 1. "Silica" means silicon dioxide (occurring in crystalline, amorphous and impure forms), silica particles, silica dust or silica compounds.
 2. "Silica-related dust" means a mixture or combination of silica and other dust or particles.
* * *

We have no duty to investigate or defend claims or "suits" covered by this Contractors Errors or Omissions coverage.

B. **The Umbrella Policy.**

20. The Umbrella Policy insuring agreement provides, in pertinent part,:

    1. Insuring Agreement
        a. We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking damages for such "bodily injury" or "property damage" when the "underlying insurance" does not provide coverage or the limits of "underlying insurance" have been exhausted. When we have no duty to defend, we will have the right to defend, or to participate in the defense of, the insured against any other "suit" seeking damages to which this insurance may apply. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. . . .
        
        * * *
        
        c. This insurance applies to "bodily injury" and "property damage" only if:
            (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
            (2) The "bodily injury" or "property damage" occurs during the policy period; and
            (3) Prior to the policy period, no insured listed under Paragraph **1.a.** of Section **II** --- - Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.
        
        * * *
        
        e. "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1.a.** of Section **II** -- - Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:
            (1) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;
            (2) Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or
            (3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

21. The Umbrella Policy also includes a Silica Exclusion that provides:

<u>Silica or Silica-Related Dust Exclusion:</u>

A. The following exclusion is added to Paragraph 2., **Exclusions** of **Section I – Coverage A -Bodily Injury and Property Damage Liability:**
   **2. Exclusions**
   This insurance does not apply to:
   **Silica or Silica-Related Dust**
   \* \* \*
   b. "Property damage" arising, in whole or in part, out of the actual, alleged, threatened, or suspected contact with, exposure to, existence of, or presence of "silica" or "silica-related dust";
   c. Any loss, cost or expense arising, in whole or in part, out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating, disposing of, or in any way responding to assessing the effects of, "silica" or "silica-related dust", by any insured or by any other person or entity.
   \* \* \*
C. The following definitions are added to the **Definitions** Section:
   1. "Silica" means silicon dioxide (occurring in crystalline, amorphous and impure forms), silica particles, silica dust or silica compounds.
   2. "Silica-related dust" means a mixture or combination of silica and other dust or particles.
   \* \* \*

### IV. UNDERLYING ALLEGATIONS

22. The original petitions in the Underlying Lawsuits were filed between May 20, 2022 and August 18, 2023. The House Suit's original petition was filed May 20, 2022, and the third-party petition asserting claims against Easy Mix was filed August 31, 2022. (Copies of the original petitions and third-party petition are attached hereto as Exhibits C-1 through C-7).

23. Each of the Underlying Lawsuits involves a residential pool with allegedly defective concrete. (C-1, para. 5-6 and 8; C-2, para. 10, 12-12; C-3, para. 8-11; C-4, para. 7; C-5, para. 8-10; C-6, para. 8-11; and C-7, para. 12-14). The pleadings consistently assert that Easy Mix was a subcontractor on the various projects, and was responsible for providing shotcrete and labor

to build the pool shells.  (C-2, para. 10; C-3, para. 8; C-4, para. 7; C-5, para. 8-10; C-6, para. 8-10; and C-7, para. 12).  Further, the pleadings contend that the concrete used by Easy Mix to construct the residential pools was defective.  (C-1, para. 6-7; C-2, para. 13-14; C-3, para. 9-11 and Ex. A thereto; C-4, para. 7 and 17; C-5, para. 10-11 and Ex. A thereto; C-6, para. 10-11, 29(viii) and Ex. A thereto; and C-7, para. 14).  Allegedly, the pools suffer from cracks and leaks.  (C-1, para. 6 and 8; C-2, para. 12-14; C-3, para. 10 and Ex. A thereto; C-4, para. 7-8; C-5, para. 10, 12 and Ex. A thereto; C-6, para. 10-12 and Ex. A thereto; and C-7, para. 13-14, 36).  The Underlying Lawsuits allege the AAR/ASR caused swelling and expansion in the concrete which led to cracking, leaks and structural concerns.  (C-1, para. 8; C-2, para. 13-14; C-3, para. 9-10 and Ex. A thereto; C-4, para. 7, 29; C-5, para. 10 and Ex. A thereto; C-6, para. 10 and Ex. A thereto; and C-7, para. 13-14).

24. In individual lawsuits, additional policy limitations and defenses may apply.  FCCI does not waive those defenses, but asserts that in each suit the damage arises from exposure to silica and coverage is precluded by the policies' silica exclusion.

## V. BASIS FOR DECLARATORY RELIEF

25. FCCI incorporates and realleges the preceding paragraphs 1-31 as though fully set out here.

26. 28 U.S.C. §2201 permits courts to declare the rights and other legal relations of any interested party seeking such declaration in cases of actual controversy within its jurisdiction.  28 U.S.C. §2202 and this Court's inherent powers of equity permit this Court to award further necessary relief based on a declaratory judgment or decree.

27. The Underlying Lawsuits allege and assert ASR as causing and/or contributing to the cracking and damage to their pools.  ASR occurs when silica in the aggregate is exposed to the

alkali from the cement resulting in a gel around the aggregate, which, in turn, causes swelling or expansion of the concrete, resulting in cracking of the concrete. Any damage caused by, or contributed to by, ASR is excluded.

28. Allegations that Easy Mix used defective concrete or defective concrete mixture in its pool concrete work are also excluded if the damage resulted from ASR, in whole or in part.

29. The pleadings allege an alkali-silica reaction causing or contributing to the alleged injuries or damage. Accordingly, the Primary Policy's and the Umbrella Policy's Pollution Exclusions and/or Silica Exclusions preclude coverage.

30. The same reasons that preclude defense also preclude indemnity.

31. Accordingly, FCCI seeks a declaration from this Court that it has no duty to defend or indemnify Easy Mix in the Underlying Lawsuits.

32. FCCI further seeks a declaration that the policy does not afford coverage for any claim involving damage from ASR, and therefore affords no defense for any lawsuit alleging damage from ASR.

## VI. PRAYER

WHEREFORE, Plaintiff, FCCI INSURANCE COMPANY, prays that this Original Complaint for Declaratory Judgment be served upon the Defendant to this action; and after due proceedings are had, that there be a declaratory judgment entered in favor of Plaintiff declaring:

(a) That the damages sought in the Underlying Lawsuits are not covered under the Primary Policy and/or the Umbrella Policy based on the Silica Exclusions within the policies' Coverage A for Bodily Injury and Property Damage Coverage;

(b) That FCCI does not owe defense, or indemnity for any judgment in the Underlying Lawsuits;

(c) That FCCI does not owe defense or indemnity in any suit alleging damage to a pool due to ASR.

(d) That FCCI be awarded such other and further relief as this Court deems just and equitable.

Respectfully submitted,

/s/ *Beth D. Bradley*
Beth D. Bradley
Texas Bar No. 06243900
bethb@tbmmlaw.com
Suzanne A. Schlicher
Texas Bar No. 02601800
suzannes@tbmmlaw.com
Tollefson Bradley Mitchell & Melendi, LLP
2811 McKinney Avenue, Suite 250 West
Dallas, Texas 75204
Telephone: 214-665-0100
Facsimile: 214-665-0199

**COUNSEL FOR PLAINTIFF,
FCCI INSURANCE COMPANY**