UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **FCCI INSURANCE COMPANY,** *Plaintiff* § § § | |
| **v.** § § | No. 1:23-cv-01433-DII |
| **EASY MIX CONCRETE SERVICES, LLC,** *Defendant* § § § § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE UNITED STATES DISTRICT JUDGE

Before the Court is Defendant Easy Mix Concrete Services, LLC's Motion to Dismiss, or in the Alternative Stay Certain Claims, Dkt. 8. After reviewing the associated briefing and relevant caselaw, the undersigned recommends that the motion be granted.

## I.   BACKGROUND

Plaintiff FCCI Insurance Company is a Florida-based insurance company which insured Easy Mix from June 27, 2019, to August 27, 2019.[1] Dkt. 1, at 3. Easy Mix has been sued for alleged damages to pools arising from defective "shot-crete" or installation, purportedly involving alkali-silica reaction ("ASR"). *Id.* at 2. Each of the underlying lawsuits alleges that the concrete used by Easy Mix to construct

---

[1] Given the procedural posture of this dispute, the undersigned accepts all of FCCI's well-pleaded facts as true. *See Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 217 (5th Cir. 2009) ("In ruling on a motion to dismiss, a court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.") (internal quotation marks omitted).

residential pools was defective, causing the pools to suffer from cracks and leaks. *Id.* at 8. These suits are pending in Burnet, Gillespie, Hays, Travis, and Williamson Counties, Texas, as well as in this Court (the "ASR Litigation"). *Id.* Much of the ASR Litigation has been consolidated under the Multidistrict Litigation, Supreme Court of Texas Docket No. 23-0212, *In re Easy Mix Construction Defect Litigation* (the "MDL").

There are two insurance policies involved in this case. The first, the "Primary Policy," provides general commercial liability coverage policy limits of one-million dollars per occurrence and two-million dollars in the aggregate, with a $1,000 per occurrence deductible. Dkt. 1, at 3. The second policy, the "Umbrella Policy," provides a one-million-dollar aggregate umbrella coverage over and above the Primary Policy, subject to a $10,000 self-insured retention. Importantly, both policies contain a Silica Exclusion which provides that:

> This insurance does not apply to:
>
> "Property damage" arising, in whole or in part, out of the actual, alleged, threatened, or suspected contact with, exposure to, existence of, or presence of "silica" or "silica-related dust";
>
> Any loss, cost or expense arising, in whole or in part, out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating, disposing of, or in any way responding to assessing the effects of, "silica" or "silica-related dust", by any insured or by any other person or entity.

*Id.* at 5, 7.

FCCI brought this action to determine its rights and obligations in the underlying lawsuits. *Id.* at 2. Specifically, FCCI seeks a declaration that it has no duty to defend or indemnify Easy Mix in the underlying lawsuits. *Id.* at 9. Easy Mix

now moves to dismiss or stay, arguing FCCI's duty to defend and duty to indemnify are not ripe for disposition.

## II.     LEGAL STANDARDS

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A court ruling on a 12(b)(6) motion may rely on the complaint, its

proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). A court may also consider documents that a defendant attaches to a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). But because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint. *Dorsey,* 540 F.3d at 338. "[A] motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

### III. DISCUSSION

Easy Mix asserts two bases for dismissing FCCI's complaint. First, Easy Mix argues that "FCCI's duty to indemnify cannot be decided because the factual predicate for Easy Mix's alleged liability has yet to be determined." Dkt. 8, at 3. Second, Easy Mix contends that "FCCI's duty to defend cannot be determined in unidentified lawsuits." *Id.* at 5.

#### A. Duty to Indemnify

FCCI asks this Court to declare that "FCCI does not owe … indemnity for any judgment in the Underlying Lawsuits." Dkt. 1, at 9. Specifically, FCCI argues that it is not liable because the underlying lawsuits allege ASR-related damage, which FCCI

4

contends is excluded by the Primary and Umbrella policies.[2] *Id.* Easy Mix, on the other hand, argues that FCCI's potential duty to indemnify cannot yet be determined. Dkt. 8, at 3. While an insurer has the duty to defend where "a plaintiff's factual allegations potentially support a covered claim," the duty to indemnify is determined by "the facts *actually established* in the underlying suit." *Zurich Am. Ins. Co. v. Nokia, Inc.*, 268 S.W.3d 487, 490 (Tex. 2008) (emphasis added). Accordingly, Easy Mix says, "an indemnity determination typically requires the underlying case to reach a settlement or judgment at which point the facts … giving rise to liability have been clarified." Dkt. 8, at 3. Easy Mix therefore contends that it is too early to determine FCCI's duty to indemnify, since further factual development in the underlying cases may reveal that something *other* than ASR caused the concrete damage.

The Texas Supreme Court provided some guidance on this issue in *Farmers Tex. Cnty. Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81 (Tex. 1997). There, gunshots from a passing vehicle hit and injured an individual as he was walking down the street. *Id.* at 82. The driver of the car, whose two passengers fired the shots, sought defense and indemnification from his auto insurer. *Id.* The insurer sought a declaration that it had no duty to defend or indemnify because the insurance policy only covered injuries "because of an auto accident." *Id.* (emphasis omitted). In determining whether the insurer had a duty to indemnify, the court first considered whether the duty to indemnify "is properly justiciable by declaratory judgment before the rendition of a judgment in the underlying suit." *Id.* The court held that it was, ruling

---

[2] The undersigned assumes that the Silica Exclusion clauses exclude coverage and liability for ASR-related damage.

that "parties may secure a declaratory judgment on the insurer's duty to indemnify before the underlying tort suit proceeds to judgment." *Id.* at 83.

Importantly, however, the court did not rule that *all* declaratory actions regarding indemnification could be decided early in the litigation. Rather, the court advocated a case-specific approach:

> It may sometimes be necessary to defer resolution of indemnity issues until the liability litigation is resolved. In some cases, coverage may turn on facts actually proven in the underlying lawsuit. For example, the plaintiff may allege both negligent conduct and intentional conduct; a judgment based upon the former type of conduct often triggers the duty to indemnify, while a judgment based on the latter usually establishes the lack of duty. In many cases, however, the court may appropriately decide the rights of the parties before judgment is rendered in the underlying tort suit.

*Id.* at 84. In holding that ruling on indemnification was proper, the court noted that "[n]o facts can be developed in the underlying tort suit that can transform a drive-by shooting into an 'auto accident.'" *Id.* In short, "Texas law only considers the duty-to-indemnify question justiciable after the underlying suit is concluded, unless 'the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify.'" *Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 536 (5th Cir. 2004) (quoting *Griffin*, 955 S.W.2d at 84) (emphasis omitted).

That is not the case here. It is perfectly plausible that, as fact-finding commences in the underlying lawsuits, plaintiffs will discover that some cause *other* than ASR is responsible for their concrete damage. And, if such facts were found, the Silica Exclusion in the respective policies would not apply. *See* Dkt. 1, at 5 (excluding coverage for property damage "arising, in whole or in part, out of … contact with …

6

'silica' or 'silica-related dust'"). It is therefore inappropriate for the Court to grant declaratory relief on the duty to indemnify at this time.

The Fifth Circuit recently spoke about this issue in *Liberty Mutual Fire Ins. Co. v. Copart of Connecticut, Inc.*, 75 F.4th 522 (5th Cir. 2023). There, a group of residents sued a car company for pollution caused by its junkyard. *Id.* at 525-26. The car company sought defense and indemnification from its insurer; however, the insurer sought a declaration that it had no duty to indemnify because the relevant policy excluded injuries caused by the "discharge … of 'pollutants' at any time." *Id.* at 526. The Fifth Circuit held that granting summary judgment to the insurer would be "premature" because "evidence arising from or related to the Underlying Suit may reveal that non-pollutants caused the plaintiffs' damage." *Id.* at 536. That was true *even though* the court also held there was no duty to defend because plaintiffs alleged harm only from pollutants. *Id.*

So too here. Just as in *Copart*, plaintiffs in the underlying suits have alleged harms excluded by the insurance policy (here, harms caused by ASR). But just as future fact-finding could reveal harms caused by non-pollutants in *Liberty Mutual*, future discovery in the underlying suits here could reveal a cause for concrete damage other than ASR. Such a finding would push the claims out of the Silica Exclusion and trigger FCCI's duty to indemnify. Accordingly, the undersigned finds that it is premature to grant FCCI declaratory relief on the duty to indemnify and recommends staying FCCI's indemnity-related claims until they are ripe.

7

### B. Duty to Defend

FCCI asks this Court to declare that FCCI "does not owe defense or indemnity in any suit alleging damage to a pool due to ASR." Dkt. 1, at 9. Easy Mix responds that such a declaration would be inappropriate because the duty to defend is determined on a case-by-case basis and therefore cannot be determined for cases that have not yet been brought. Dkt. 8, at 5. Specifically, Easy Mix contends that a litigant could allege two alternative theories of liability, one involving ASR (excluded) and one involving another cause of damages (not excluded). In such a case, Easy Mix says, FCCI would have a duty to defend the entire case—including the ASR claim. *See Zurich*, 268 S.W.3d at 491 ("If a complaint potentially includes a covered claim, the insurer must defend the entire suit.").[3]

The undersigned finds that FCCI's requested declaration is premature. Assuming a plaintiff brings a claim for ASR-related damage (and assuming that the Primary and Umbrella policies exclude ASR-related damage), the Court will still be unable to determine FCCI's duty to defend at this early stage. That is because "[i]f a complaint potentially includes a covered *claim*, the insurer must defend the entire *suit*." *Zurich*, 268 S.W.3d at 491 (emphasis added). Accordingly, the Court cannot pre-determine whether FCCI has a duty to defend a potential ASR claim, because that

---

[3] In its Response, FCCI claims that it is not seeking a declaration as to the duty to defend lawsuits not before the Court; indeed, FCCI concedes that such a request would be "premature." Dkt. 13, at 6. Rather, FCCI says that it "seeks a declaration that the policy does not apply to any claim alleging damage due to ASR." *Id.* The undersigned interprets that pleaded language as seeking a declaration on as-yet non-existent lawsuits. Accordingly, the undersigned will consider whether FCCI's requested "declaration that the policy does not apply to any claim alleging damage due to ASR" is premature.

8

claim may be coupled with a non-excluded basis for liability. Put simply, the inclusion of a non-excluded claim would mean that FCCI has the duty to defend the excluded claim as well. Accordingly, FCCI's request for declaratory relief on its duty to defend as-yet non-existent claims should be stayed until ripe.

## IV. RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Court **GRANT** Easy Mix Concrete Services, LLC's Motion to Dismiss, or in the Alternative Stay Certain Claims, Dkt. 8. The undersigned **FURTHER RECOMMENDS** that FCCI Insurance Company's claims for declaratory relief relating to (1) its duty to indemnify the Underlying Lawsuits and (2) its duty to defend currently non-existent lawsuits be **STAYED** until ripe. **IT IS FURTHER ORDERED** that this case be removed from the Magistrate Judge's docket and returned to the docket of the Honorable United States District Judge.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report

9

and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED May 7, 2024.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE