IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| FCCI INSURANCE COMPANY | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | |
| | § | CIVIL ACTION NO.: 1:23-cv-01433-DII |
| | § | |
| EASY MIX CONCRETE SERVICES, LLC | § | |
| | § | |
| *Defendant.* | § | |

**PLAINTIFF FCCI INSURANCE COMPANY'S OBJECTIONS TO MAGISTRATE'S
REPORT AND RECOMMENDATIONS
REGARDING DEFENDANT'S MOTION TO DISMISS**

TO THE HONORABLE COURT:

Plaintiff, FCCI Insurance Company ("FCCI"), makes this its Objections to Magistrate's Report and Recommendations Regarding Defendant, Easy Mix Concrete Services, LLC's ("Easy Mix") Motion to Dismiss Or In The Alternative Stay Certain Claims (the "Report") [ECF 20], and in support, shows the following:

**INTRODUCTION AND SUMMARY OF ARGUMENT**

1.     This is an insurance coverage action brought by FCCI against its insured, Easy Mix, seeking a determination that FCCI has no obligation of defense or indemnity in Underlying Lawsuits alleging damage from exposure to silica. FCCI seeks a judicial declaration that it owes no defense or indemnity under both its primary and umbrella policies predicated upon the policies' Silica Exclusion.

---

2.      Easy Mix made a partial motion to dismiss or stay, asserting, in part, that a declaration regarding indemnity is premature [ECF 8] (the "Motion").  The Motion was referred to the Honorable Dustin M. Howell, who issued the Report [ECF 20].

3.      FCCI respectfully objects to the Report of the United States Magistrate because it failed to address the claims asserted in the Underlying Lawsuits and accompanying expert reports and/or demand letters expressly asserting all damages flowing from an alkali-silica reactions ("ASR"). The silica exclusion applies to damages from exposure to silica, even if there are other causes. Because the same basis which precludes the duty to defend also precludes indemnification, FCCI objects to the Magistrate's Report relative to its recommendations of dismissal of the duty to indemnify claims.  Further, FCCI objects to the Report on the basis that FCCI's arguments and reliance upon *Griffin* present a justiciable controversy which the Court should determine FCCI's duties to defend and indemnify through summary judgment addressment of legal issues, as opposed to disposition by motion for dismissal.  Finally, FCCI notes that many of the Underlying Lawsuits are the subject of an MDL, specifically because of the common allegations of damages arising from ASR.

## STANDARD

4.      A party that files written objections to a magistrate judge's report and recommendation is entitled to a *de novo* review of those portions at issue. *See* 28 U.S.C. § 636(b)(1)(C); *see also* FED. R. CIV. P. 72(b)(3). The reviewing Court may either "accept, reject, or modify the report, in whole or in part." 28 U.S.C. § 636(b)(1)(C); *see also* FED. R. CIV. P. 72(b)(3). Here, FCCI files these objections and asks the Court to either reject or modify that portion of the Report addressing FCCI's claims relative to the duty to indemnify the Underlying Lawsuits.

## ARGUMENT AND AUTHORITIES

5.      The Texas Supreme Court has made clear that a duty to indemnify may be resolved prior to final adjudication or settlement of the underlying claim in *Farmers Texas Cty. Mut. Ins. Co. v. Griffin,* 955 S.W.2d 81 (Tex. 1997).  Specifically, the Texas Supreme Court held that the duty to indemnify is justiciable before the insured's liability is determined in the liability lawsuit when the insurer has no duty to defend and the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify.  *Id.* at 84; *see also United Fire & Cas. Co. v. Kent Distribs.,* 759 Fed. Appx. 326 (5th Cir. 2019) (applying *Griffin* and concluding no duty of indemnity, based on pleadings).

6.      Easy Mix relies on *Liberty Mutual Fire Ins. Co. v Copart of Connecticut, Inc.*, 75 F.4th 522 (5th Cir. 2023), a summary judgment case which held only that a determination of indemnity was not appropriate in the case before it, not that a determination of indemnity is always precluded. The Court in *Copart* affirmed a summary judgment that the insurer owed no defense, because the pollution exclusion applied to preclude coverage of damages that "would not have occurred in whole or part but for the actual, alleged or threatened" discharge or release of pollutants, and there were no allegations of damage solely from a covered cause.  75 F.4th at 529.  As to indemnity, however, the Court concluded that evidence from the underlying lawsuit might reveal non-pollutants as the sole cause of plaintiffs' damages, allowing a duty to indemnify the insured.  *Id.* at 536-37.  The Court therefore concluded that *Griffin* was not controlling. *Copart,* 75 F.4th at 537.

7.      Significantly, *Copart* involved summary judgment motions, and not a motion to dismiss, meaning different standards and burdens of proof were at issue.  *See, Evanston Ins. Co. v. Reyes,* No. SA-19-CV-0944-JKP, 2020 WL 4196863 (WD. Tex. March 30, 2020).  Easy Mix would have to present arguments that there are potential facts, in one or more of the Underlying Lawsuits, that involve a cause of the alleged damage that does *not* involve silica or an ASR in order to apply a

*Copart* analysis.[1]   In that event, a stay would be appropriate to determine the actual facts that support any settlement or judgment.  However, in some of the Underlying Lawsuits, plaintiffs not only allege *only* silica-related causation, but reference or include expert reports and/or demand letter to substantiate those claims.  For example, the *Holden* lawsuit alleges cracking consistent with ASR and included a report from MLAW attributing the damage to ASR, either in whole or in part.  (ECF 1-5, para. 9-11, and attached/incorporated MLAW report of June 22, 2022).  The *Gregg* Lawsuit alleges ASR from contaminated concrete in the shell of the pool and spa and included a Texas Deceptive Trade Practices Act ("DTPA") notice letter expressly asserting that "the shotcrete shell of the pool has failed and the concrete is expanding and cracking.  It is our current understanding that the shotcrete shell has alkali silica reaction ('ASR' a/k/a 'concrete cancer')."  (ECF 1-7, para. 10, 13, and attached/incorporated DTPA notice letter). The *Shumaker* Lawsuit alleges ASR from contaminated concrete in the shell of the pool and spa and included a DTPA notice letter expressly asserting that "the shotcrete shell of the pool has failed and the concrete is expanding and cracking.  It is our current understanding that the shotcrete shell has alkali silica reaction ('ASR' a/k/a 'concrete cancer')."  (ECF 1-8, para. 10, 13, and attached/incorporated DTPA notice letter).  The *House* Lawsuit alleges "Plaintiffs have also consulted with engineer Dean Read of MLAW who inspected the pool and opined that the pool is likely suffering from an alkali-silica reaction ('ASR')."  (ECF 1-3, para. 8.)  The third-party petition in the *House* Lawsuit, the pleading which joined Easy Mix, asserts the cause of the damage being ASR.  (ECF 1-4, para. 13-14).  FCCI should at least be allowed to present its argument that

---

[1] FCCI's policies exclude (a) property damage "*arising, in whole or in part*, out of the actual, alleged, threatened, or suspected contact with, exposure to, existence of, or presence of" silica or silica-related dust; and (b) "*[a]ny* loss, cost or expense *arising, in whole or in part,* out of the abating, . . . cleaning up, removing, containing, remediating, disposing of, or in any way responding to assessing the effects of," silica or silica-related dust by *any* insured *or by any other person or entity*.

indemnity is precluded, as a matter of law. And, certainly, there is a justiciable controversy. *Cf.*

*Kent Distribs.,* 759 Fed. Appx. 326; *Evanston Ins.,* 2020 WL 4196863 (W.D. Tex. Mar. 30, 2020).

8.      To the extent the underlying plaintiffs and claimants seek recovery of property damage

which "arises, in whole or in part," from silica and/or silica-related dust, such as from ASR, the

claim is wholly excluded from the scope of coverage.  (FCCI's Original Complaint [ECF 1], para.

23, 27-30).  At the summary disposition phase, Easy Mix should be required to offer some evidence

of alternative causation to support its argument that a non-excluded cause could be the sole cause

of some or all of the alleged damage. At this juncture, however, it has not.

9.      Easy Mix proffers a singular example in support of its position.  Easy Mix asserts that the

pleadings and allegations in *Shumaker* allege a number of cracks, but fail to assert any cause of

the cracks; Easy Mix contends that "there remains the potential for evidence to establish a different,

covered basis for liability – for example, a different cause of cracking."  (Easy Mix's Motion to

Dismiss [ECF 8], p. 4).  First, Easy Mix presents only one portion of the *Shumaker* pleadings.  As

noted above, the pleading alleges a number of *defects* (not causes of defects), all involving cracking

and likely ASR from contaminated concrete.  [ECF 1, para. 4-6 and 22-23, ECF 1-8, para. 10].

Moreover, the *Shumaker* petition incorporates an Exhibit "A," a June 13, 2023 DTPA notice letter

to Easy Mix.  [ECF 1-8, para. 13 and Ex. A].  The *Shumaker* DTPA letter expressly states that "the

shotcrete shell of the pool that you [Easy Mix] provided has failed and the concrete is expanding

and cracking.  It is our current understanding that the shotcrete shell has alkali silica reaction

('ASR' a/k/a 'concrete cancer')."  [ECF 1-8, Ex. A, p. 1].  Essentially, the *Shumaker* plaintiff

alleges ASR caused the defects and cracking.  Thus, the same reasons which FCCI contends negate

the duty to defend are the sole allegations, and there is no extrinsic evidence implicated which

provides any other cause for the alleged defects.  Because the Silica Exclusion applies where the

damages arise, in whole or in part, from silica, and the allegations of ASR contribute to the

damages, the Silica Exclusion is implicated to preclude the damages asserted by the underlying plaintiffs.  There is no evidence and no argument that some other cause, *in the absence of any contribution, "in whole or in part," of ASR causing or contributing* to the alleged defects or damages, which would support a *Copart* application.  Accordingly, FCCI objects to the Magistrate's Report.

10.     There is a justiciable controversy over indemnity. The only question is whether, as to each of the underlying lawsuits, the issue is ripe for adjudication. *Cf. Evanston Ins. Co. v. Reyes*, 2020 U.S. Dist. LEXIS 132604 (W.D. Tex. Mar. 30, 2020) (duty to indemnify was justiciable and dismissal was not appropriate; issue should be decided through summary judgment procedure).

11.     Finally, the Underlying Lawsuits subject to this action derive from the MDL.  [ECF 1, para. 4-6].  The MDL pertains to the ASR litigation because of the common claims of ASR or common claims of damage, *i.e.,* concrete cancer, among other damage.  [ECF 1, para. 4-6 and 23].  In fact, Easy Mix sought the MDL for the ASR litigation, and now claims that the defects derive from other than ASR.

In conclusion, FCCI objects to the Report based upon its failure to address the claims asserted in the Underlying Lawsuits, accompanying expert reports and/or demand letters, and because the same basis which precludes the duty to defend also precludes indemnification. Because *Copart* does not apply to these instant allegations and pleadings, *Griffin* controls, and FCCI's claims relative to the duty to indemnify should be allowed to proceed, at least at this motion to dismiss phase.

Respectfully submitted,


/s/ *Beth D. Bradley*
Beth D. Bradley
Texas Bar No. 06243900
bethb@tbmmlaw.com
Suzanne A. Schlicher

Texas Bar No. 02601800
suzannes@tbmmlaw.com
Tollefson Bradley Mitchell & Melendi, LLP
2811 McKinney Avenue, Suite 250 West
Dallas, Texas 75204
Telephone: 214-665-0100
Facsimile: 214-665-0199

**COUNSEL FOR PLAINTIFF,**
**FCCI INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record through the Court's electronic filing and service system on May 21, 2024.

Ernest Martin, Jr.
Haynes And Boone, LLP
2801 N Harwood St Suite 2300
Dallas, Texas 75201

Andrew P. Van Osselaer
Haynes And Boone, LLP
98 San Jacinto Blvd., Suite 1500
Austin, Texas 78701

*Attorneys For Defendant*
*Easy Mix Concrete Services, LLC*