IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| FCCI INSURANCE COMPANY | § |
| | § |
| *Plaintiff*, | § |
| | § |
| vs. | § |
| | § CIVIL ACTION NO.: 1:23-cv-01433-DII |
| EASY MIX CONCRETE SERVICES, LLC | § |
| | § |
| *Defendant.* | § |

**PLAINTIFF FCCI INSURANCE COMPANY'S REPLY IN SUPPORT OF ITS OBJECTIONS TO MAGISTRATE'S REPORT AND RECOMMENDATIONS REGARDING DEFENDANT'S MOTION TO DISMISS**

TO THE HONORABLE COURT:

Plaintiff, FCCI Insurance Company ("FCCI"), makes this its Reply in Support of Its Objections to Magistrate's Report and Recommendations Regarding Defendant, Easy Mix Concrete Services, LLC's ("Easy Mix") Motion to Dismiss Or In The Alternative Stay Certain Claims (the "Report") [ECF 20], and in support, shows the following:

1. Objections to a Magistrate's Report and Recommendations must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed within fourteen (14) days after being served with a copy of the report. *Gilmore v. Guild Mortgage Company, LLC,* No. 1:21-CV-00621-MAC-ZJH, 2022 WL 2712385 at *1 (E.D. Tex. Feb. 22, 2022), *adopting report*, 2022 WL 2712382 (E.D. Tex. Mar. 10, 2022). *See also McDade v. Fountains at Tidwell Ltd.,* No. 4:23-cv-02118, 2023 WL 9007260 at *1 (S.D. Tex. Dec. 28, 2023), *aff'd,* 2024 WL 2271840 (5th Cir. 2024) (proper objections specify any disputed determination in the memorandum and recommendations of the Magistrate).

2.      FCCI's objections to the Magistrate's Report and Recommendations [ECF 20] ("Report & Recommendations") were in writing and were filed and served within fourteen days of the May 07, 2024 Report & Recommendations. (*See* Plaintiff's Objections as filed May 21, 2024 [ECF 23] (the "Objections").) The Objections specifically identified those findings or recommendations to which FCCI objected; FCCI specified the disputed determination in the Report & Recommendations. (*See* Objections, para. 3.) Accordingly, FCCI's Objections are properly before this Court, and a *de novo* review of the Report & Recommendations' analysis and holdings as to duty to indemnify is required.

3.      FCCI's Objections do not simply "rehash" their arguments in opposition to Easy Mix's motion to dismiss. Instead, FCCI's Objections highlight the Report & Recommendations' mistakes in facts and/or law.

4.      Easy Mix's arguments, which the Report & Recommendations adopt, disregards Texas law and *Farmers Texas Cty. Mut. Ins. Co. v. Griffin,* 955 S.W.2d 81 (Tex. 1997). To adopt Easy Mix's arguments vitiates *Griffin,* which provides that the duty to indemnify is, in fact, justiciable before the insured's liability to the third-party claimant is determined when the insurer has no duty to defend and the same reason that negates the duty to defend likewise negates any possibility the insurer will ever have a duty to indemnify the insured. And, Easy Mix's arguments of potential other causes of the damage defies Easy Mix's position in the MDL and fails to address the various expert reports, letters and/or documents incorporated into the underlying lawsuits' pleadings, as exemplified in FCCI's Objections and which make evident the underlying plaintiffs' position as to the cause of their alleged damages. Easy Mix suggests, but does not establish, that each of the suits or petitions as to which FCCI seeks declaratory judgment *could* result in liability

based on causes unrelated to ASR.[1] The alleged "possibility" of other causes of one or more of the underlying plaintiffs' damages is more appropriately addressed through summary judgment practice relative to the individual underlying lawsuits as opposed to wholesale dismissal or staying of claims associated with the several underlying lawsuits. *Cf. Evanston Ins. Co. v. Reyes*, 2020 U.S. Dist. LEXIS 132604 (W.D. Tex. Mar. 30, 2020)

5. Despite Easy Mix's baseless protestations that the insurer is seeking to "litigate how an underlying case <u>should</u> come out," FCCI is merely seeking to litigate the underlying lawsuits and their pleadings as currently alleged, including the incorporation of the lawsuits' exhibits and attachments as incorporated into the pleading. Claims of discovery in the declaratory judgment action influencing the evidence in the underlying lawsuit are equally disingenuous. Moreover, during the course of the Parties' Rule 26 conference, the Parties discussed a Confidentiality and Protective Order, which the Parties agreed they would work towards. Thus, discovery in this declaratory judgment action may be subject to such impending Confidentiality and Protective Order.

6. As urged in its Objections, Easy Mix's arguments can and should be raised in the context of summary judgment motions, but do not warrant stay or dismissal.

In conclusion, FCCI objects to the Report & Recommendations based upon its failure to address the claims asserted in the underlying lawsuits, accompanying expert reports and/or demand letters, and because the same basis which precludes the duty to defend also precludes indemnification. Because *Copart* does not apply to these instant allegations and pleadings, *Griffin* controls, and FCCI's claims relative to the duty to indemnify should be allowed to proceed, at least at this motion to dismiss phase.

---

[1] FCCI attempted to present demonstrative pleadings against Easy Mix. There are numerous other cases involved in the MDL, based on commonality.

                                                Respectfully submitted,

                                                /s/ *Beth D. Bradley*
                                                Beth D. Bradley
                                                Texas Bar No. 06243900
                                                bethb@tbmmlaw.com
                                                Suzanne A. Schlicher
                                                Texas Bar No. 02601800
                                                suzannes@tbmmlaw.com
                                                Tollefson Bradley Mitchell & Melendi, LLP
                                                2811 McKinney Avenue, Suite 250 West
                                                Dallas, Texas 75204
                                                Telephone: 214-665-0100
                                                Facsimile: 214-665-0199

                                                **COUNSEL FOR PLAINTIFF,**
                                                **FCCI INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record through the Court's electronic filing and service system on June 11, 2024.

Ernest Martin, Jr.
Haynes And Boone, LLP
2801 N Harwood St Suite 2300
Dallas, Texas 75201

Andrew P. Van Osselaer
Haynes And Boone, LLP
98 San Jacinto Blvd., Suite 1500
Austin, Texas 78701

***Attorneys For Defendant***
***Easy Mix Concrete Services, LLC***

                                                */s/ Beth D. Bradley*
                                                Beth D. Bradley